**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2139

_____

OAKLAND BENTA; JOHN TUTEIN; PETER WEISMAN;
Mr. JOHN P. RAYNOR; RAYNOR RENSCH & PFEIFFER;
JAMES J. HEYING; PROSSER & CAMPBELL, P.C.;
PETER WEISMAN & ASSOCIATES,

Appellants

v.

JAMES P. CARROLL

_____

On Appeal from the District Court
for the District of the Virgin Islands
(D.C. Civil No. 3-12-cv-00036)
District Judge: Hon. Curtis V. Gomez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013

BEFORE: FISHER, COWEN AND NYGAARD, Circuit Judges

(Opinion Filed:  January 16, 2014)

_____

OPINION

_____

COWEN, Circuit Judge.

Oakland Benta, John Tutein, Peter Weisman, John P. Raynor, Raynor Rensch & Pfeiffer, James J. Heying, Prosser & Campbell, P.C., and Peter Weisman & Associates appeal from the order of the District Court of the Virgin Islands dismissing their declaratory judgment action. We will dismiss their appeal as moot.

I.

Innovative Communication Corporation ("ICC"), a Virgin Islands telecommunications company, filed for bankruptcy. The Chapter 11 trustee, Stan Springel, initiated adversary proceedings against Appellants in the Bankruptcy Division of the District Court of the Virgin Islands. "In each of the adversary proceedings, Springel seeks to undo transactions entered into between the [Appellants] and ICC. Springel claims variously that these transactions were either fraudulent conveyances or preferential transfers, and thus disallowed under the Bankruptcy Code." Benta v. Springel, Civil No. 2012-36, 2013 WL 1148747, at *1 (D.V.I. Mar. 20, 2013.) Subsequently, Appellants filed a District Court action against Springel pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. They specifically sought a declaratory judgment from the District Court to the effect that the District Court's "General Order referring matters involving bankruptcies to the Bankruptcy Division is unconstitutional.'" Id. at *1. Springel moved to dismiss this declaratory judgment action pursuant to Federal Rule of Civil Procedure 12(b)(1). Appellants filed a motion with the District Court to stay the underlying adversary proceedings, and three of the Appellants likewise filed unsuccessful stay motions with the Bankruptcy Division. The Bankruptcy Division

2

entered a confirmation order providing that all claims and causes of action held by the bankruptcy estate were to be vested in a liquidation trust and approving Appellee James P. Carroll as the liquidation trustee. Carroll then filed a notice of substitution with the District Court.

The District Court granted the motion to dismiss the declaratory judgment action. Specifically, it found that "there is an adequate, alternative forum in which the [Appellants] can raise the issues they raise in this action" and that "none of the five factors counsel in favor of exercising jurisdiction over this matter." Id. at *8. Raynor subsequently filed a motion with this Court to stay or enjoin the adversary proceeding against him. The Court denied his motion for a stay.

I.

We agree with Carroll that the current appeal must be dismissed on mootness grounds.[1] It is uncontested that the District Court, after disposing of this declaratory judgment matter, denied Raynor's motion to withdraw the reference to the Bankruptcy Division. Appellants acknowledge that the issue in this unsuccessful motion to withdraw was "identical to the issue placed before the District Court (which it declined to decide)

---

[1] The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); see also 48 U.S.C. § 1612(a) (stating that District Court of the Virgin Islands shall have jurisdiction of "a District Court of the United States"). The District Court, however, exercised its discretion by declining to assert jurisdiction over the declaratory judgment action filed by Appellants. See, e.g., Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

in the declaratory judgment action, and involved an Appellant." (Appellants' Brief at 3 (emphasis omitted).) In short, the District Court ruled on the underlying merits of the declaratory judgment action by denying the withdrawal motion, and it thereby rendered moot the appeal from its earlier ruling declining to exercise jurisdiction pursuant to the Declaratory Judgment Act. See, e.g., Terr. Ct. of the V.I. v. Richards, 847 F.2d 108, 113 (3d Cir. 1988) (finding that appeal from district court's dismissal of declaratory judgment complaint was moot because party "advanced the same arguments in its defense to summary enforcement of the subpoena that it raised in its complaint" and "the judgment of the district court in enforcing the subpoena disposed of the proper subject matter of the complaint" (footnote omitted)); Ct. Gen'l Life Ins. Co. v. Pierce, 110 F.2d 27, 27 (3d Cir. 1940) (per curiam) ("The questions presented for our consideration by the pending appeal [from the district court's dismissal of the declaratory judgment action] were all presented in the action at law and have been rendered moot by the adjudication in that action of the rights of the parties."). Likewise, another Appellant (Heying) settled the underlying adversary proceeding against him (and subsequently filed a notice of withdrawal with this Court). We further note that the parties have been engaged in full-blown litigation before the Bankruptcy Division (e.g., the Bankruptcy Division has either denied Appellants' respective motions to dismiss the adversary proceedings against them or, in one instance, permitted Carroll to file an amended complaint, the parties have served and responded to discovery requests, and motions for summary judgment have been filed). See, e.g., In re Joey's Steakhouse, LLC, 474 B.R. 167, 184 (Bankr. E.D. Pa. 2012) ("The

4

parties here, however, are well past that point; they are engaged in full-blown litigation."); In re 400 Walnut Assocs, L.P., 454 B.R. 60, 75 (Bankr. E.D. Pa. 2011) ("The parties here are already engaged in litigation. The parties are past the point where a declaratory judgment action can serve a prophylactic purpose.").

III.

For the foregoing reasons, we will dismiss this appeal as moot.